*Smith v. Arnone*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand seventeen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge*,
>RAYMOND J. LOHIER, JR.,
>CHRISTOPHER F. DRONEY,
>>*Circuit Judges.*

———————————————————————

Devon Smith,

>*Plaintiff-Appellant*,

>v.          No. 16-2000

Leo C. Arnone, Individual and/or Official Capacities, et al.,

>*Defendants-Appellees*,

Stephen Faucher, Individual and/or Official Capacities,

>*Defendant.*

———————————————————————

FOR PLAINTIFF-APPELLANT:     Devon Smith, *pro se*, Somers, CT.

FOR DEFENDANTS-APPELLEES:     Robert B. Fiske, III, Assistant Attorney General, *for* George Jepsen, Attorney General of the State of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Arterton, *J*.; Margolis, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Devon Smith, a prisoner proceeding *pro se*, appeals from a grant of summary judgment in favor of prison officials in his 42 U.S.C. § 1983 suit. Smith alleged that a female correctional officer falsely accused him of slapping her buttocks, which led to a disciplinary hearing and criminal prosecution. Smith was found guilty of the disciplinary infraction and placed in segregation at Connecticut's Northern Correctional Institution ("NCI"). The criminal charge was nolled. Smith alleged that the defendants failed to provide him a copy of the disciplinary report in violation of his due process rights, and that the defendants retaliated against him in violation of his First Amendment rights by failing to preserve a videotape of the underlying incident and service of the disciplinary report. The district court entered summary judgment for the defendants, and this appeal follows.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when,

---

[1] Smith, now *pro se*, argues that his appointed pro bono counsel provided ineffective assistance in the proceedings before the district court. We reject that argument because Smith did not have a constitutional right to counsel in this civil case. *See, e.g.*, *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013). We are nonetheless troubled by counsel's performance. Among other things, he submitted Smith's brief in opposition to summary judgment over a week late, and he failed to submit any evidence in opposition to summary judgment, resulting in the dismissal of Smith's complaint. Attorneys who participate in pro bono panels provide a valuable service to litigants who are unable to afford counsel. Of course, those who undertake pro bono representation owe their clients the same duty of zealous advocacy that they owe to paying clients.

construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

## I. Due Process

To prevail on his procedural due process claim, Smith must show "(1) that Defendants deprived him of a cognizable interest in life, liberty, or property, (2) without affording him constitutionally sufficient process." *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017) (internal quotation marks omitted). To demonstrate a protected liberty interest, Smith must show that his confinement at NCI "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004). If a liberty interest is established, due process requires that he was given "advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition." *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004). In addition, the disciplinary ruling must be supported by "some reliable evidence." *Id.* (internal quotation marks omitted).

Upon review, we conclude that Smith failed to dispute a material issue of fact regarding whether his confinement at NCI "impose[d] atypical and significant hardship." *Sandin*, 515 U.S. at 484. The record demonstrates that his punishment for his disciplinary infraction was 30 days' punitive segregation. But "restrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection, and thus require proof of conditions more onerous than usual." *Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009). Smith proffered no

evidence demonstrating that the conditions at NCI were more onerous than usual restrictive confinements. Smith appears to posit that his continued administrative segregation beyond the 30 days of punitive segregation resulted from the disciplinary proceeding and should therefore be considered part of his punishment. Even accepting this theory, however, Smith proffered no evidence demonstrating how long he remained in administrative segregation. Although the record demonstrates that he was held at NCI for more than 305 days, *cf. Colon v. Howard*, 215 F.3d 227, 231–32 (2d Cir. 2000) (concluding that confinement for 305 days in standard SHU conditions met the *Sandin* standard), he proffered no evidence that he was in administrative segregation during his entire confinement at NCI. Because Smith failed to establish a liberty interest, no process was due.

## II. First Amendment

To establish First Amendment retaliation under § 1983, Smith is required to show "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Gill v. Pidlypchak,* 389 F.3d 379, 380 (2d Cir. 2004). Because allegations are not sufficient to withstand summary judgment and Smith offered no evidence in support of the aforementioned elements, the district court properly dismissed the First Amendment claim by holding that Smith had failed to satisfy even the first of the three prongs. *See In re Omnicom Grp., Inc. Sec. Litig.,* 597 F.3d 501, 509 (2d Cir. 2010).

We have considered Smith's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4